IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 05-00417-01-CR-W-HFS |
| TOMMY RAY ROLLINS, JR., | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Defendant pled guilty to possession of molotov cocktails. He supposedly intended to throw the devices at the house of a former supervisor, allegedly to frighten the occupants into leaving, where he could shoot them. When intercepted, defendant repeatedly shot a law enforcement officer. I take judicial notice that he was very recently convicted in State Court, with the jury rejecting an insanity defense, and has been sentenced to life imprisonment.

A motion to withdraw the guilty plea (Doc. 57) is pending. Defendant contends he did not understand the proceedings and was "coerced" by counsel into pleading guilty. The motion indicates he may still wish to plead guilty, or may wish to present an insanity defense. A pro se motion to the same effect (Doc. 28) was rejected because he was then represented by counsel.

I conclude it would be a waste of time to schedule a hearing on the motion. The pro se document itself demonstrates a considerably better than average understanding of the legal issues. I am familiar with previous mental evaluations. While conclusory terms like coercion and conspiracy have been presented (as well as "misrepresentation") I am satisfied defendant understood what he was doing when he entered a guilty plea. He was doubtless persuaded by counsel that it was

in his best interest to plead guilty and to forego an insanity defense, but his contentions do not rise to the level of "coercion." Defendant alleges that former counsel told him to conceal from the court that he was being medicated for his mental condition. His mental condition was made known to the court. I now consider it immaterial precisely what medications he may have been taking; moreover, the medications may well have been disclosed or generally described. I do not remember.

It may be useful for the record to have the plea session transcribed and filed and also to supplement the record with an affidavit by Mr. Kuchar dealing with Doc. 28. The material can be submitted at sentencing or before. I am sufficiently confident I understand the status of this case, however, as to take action now, and to request prompt scheduling of sentencing. In the remote chance new material seems pertinent I can always change this ruling.

The motion to withdraw the plea (Doc. 57) is DENIED.

/s/ Howard F. Sachs<br>
HOWARD F. SACHS<br>
UNITED STATES DISTRICT JUDGE

April __15__, 2008

Kansas City, Missouri